# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00189-MR
# CRIMINAL CASE NO. 2:11-cr-00017-MR-1

| | |
|---|---|
| THOMAS DRIVER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 4].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted by plea of assault with a dangerous weapon with intent to do bodily harm (18 U.S.C. §§ 113(a)(3) and 1153)). [CR Doc. 18]. The presentence report noted that Petitioner had prior qualifying North Carolina convictions that triggered the Career Offender enhancement under

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-189, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 2:11-CR-17-MR-1.

section 4B1.2 of the Sentencing Guidelines.  The Court sentenced Petitioner as a Career Offender to a term of imprisonment of 90 months.  [Id.].

On June 21, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255.  [CV Doc. 1].  In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), the offense of which he was convicted in this Court, assault with a deadly weapon, 18 U.S.C. § 113(a)(3), and three of his previous North Carolina convictions for assault with a deadly weapon inflicting serious injury, indecent liberties, and second-degree kidnapping no longer qualify as a "crime of violence" under the Guidelines.  [Id. at 4-10].  Consequently, Petitioner argues his Career Offender designation is improper and thus his sentence is unlawful.  [Id.].

In response to the petition, the government has filed a motion to hold this proceeding in abeyance.  [CV Doc. 4].  The government notes that this case will be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the questions presented in Beckles is whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2).  The residual clause invalidated in Johnson

2

is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence").

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 4] is hereby **GRANTED**, and this matter is hereby held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, the government shall have 60 days from the date the Supreme Court decides Beckles within which to file its response in this matter.

**IT IS SO ORDERED.**   Signed: August 19, 2016

Martin Reidinger
United States District Judge